FILED
2017 Apr-04  AM 10:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN WILLIAM STRANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:16-cv-00214-JEO |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION

Plaintiff John William Strange brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner")[1] denying his applications for disability insurance benefits and supplemental security income. (Doc. 1).[2] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general

---

[1] Nancy A. Berryhill was named the Acting Commissioner on January 23, 2017. *See* https://www.ssa.gov/agency/commissioner.html. Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Nancy A. Berryhill for Carolyn W. Colvin in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

[2] References herein to "Doc(s). _" are to the documents numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

1

order of reference. The parties have consented to the jurisdiction of this court for disposition of the matter. (Doc. 14). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to be reversed and remanded.

## I. PROCEDURAL HISTORY

On July 16, 2012, Plaintiff filed applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"), alleging disability beginning February 22, 2005. (R. 35).[3] Plaintiff later amended his alleged disability onset date to July 16, 2012. (R. 35). His claims were denied initially on September 12, 2012. (R. 35). Thereafter, he requested a hearing by an Administrative Law Judge ("ALJ") on October 2, 2012. (R. 35). A hearing was held on May 14, 2013, in Florence, Alabama. (R. 35). The ALJ denied Plaintiff's request for DIB and SSI on September 24, 2013. (R. 35-43). Review by the Appeals Council was requested twice by Plaintiff, and denied in both instances. (R. 1-3, 15-17). Plaintiff filed this action on February 5, 2016. (Doc. 1 at 1). This matter is properly before the court for review under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of the court is to determine whether the

---

[3] References herein to "R. _" are to the page numbers of the administrative record.

Commissioner's decision is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

The court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for DIB and SSI under the Social Security Act, a claimant must show the inability to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); 42 U.S.C. § 1382(a)(3)(D).

Determination of disability under the Social Security Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)(4). Specifically, the Commissioner must determine in sequence:

> whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a sever medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014)[4] (citing 20 C.F.R. § 404.1520(a)(4)). Plaintiff bears the burden of proving that he was disabled within the meaning of the Social Security Act. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The applicable "regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Id.*

---

[4] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

## IV. FACTS

Plaintiff was 43 years old at the time of the ALJ's decision. (R. 43, 79). He possesses a 12th grade education, including special education classes through graduation. (R. 37, 42). He has worked as a groundskeeper and a fast food worker. (R.72, 184). He has been unemployed since 2006. (R. 40). As noted above, his original alleged onset of disability date was February 22, 2015, which was later amended to July 16, 2012. (R. 37, 79). Plaintiff's alleged disability was due to a status post fracture of the distal right tibia and fibula, chronic pain with toeing out of the right foot and muscle atrophy of the right thigh and right calf, diabetes mellitus, vision loss, depression, and a learning disability. (R. 37, 79).

The ALJ found that Plaintiff's severe impairments include a status post fracture of the distal right tibia and fibula with post open reduction and internal fixation, and chronic pain with toeing of the right foot and muscle atrophy of the right thigh and right calf. (R. 37). The ALJ further found that Plaintiff's vision impairment and diabetes mellitus were not "severe." (R. 38). Finally, the ALJ found that Plaintiff's alleged depression and learning disabilities were not supported within the record as medically determinable impairments, as both alleged disabilities appeared to be self-diagnosed. (R. 38).

After careful consideration of Plaintiff's impairments, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work[5] with additional postural and environmental limitations, including the avoidance of concentrated exposure to extreme cold. (R. 39). Premised on the testimony of the vocational expert, the ALJ determined that Plaintiff could not perform his past relevant work. (R. 42). However, again premised on the testimony of the vocational expert, the ALJ further determined that there are other jobs in the national economy that Plaintiff is capable of performing, including surveillance system monitor, telephone call out operator, and charge account clerk. (R. 42-43).

Following the ALJ's decision, Plaintiff filed a Request for Review of the Hearing Decision. (R. 28). The Appeals Council denied review on January 9, 2015. (R. 15). On June 4, 2015, Plaintiff's representative requested that the Appeals Council vacate its previous order because neither he nor Plaintiff had notice of the Appeals Council's denial. (R. 52). On December 10, 2015, the Appeals Council set aside its January 9, 2015 order and again denied Plaintiff's request for review. (R. 1). In its written denial, the Appeals Council stated that it "considered" Plaintiff's argument and determined that the information provided to

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

6

the Council did "not provide a basis for changing the Administrative Law Judge's decision." (R. 2).

On February 5, 2016, Plaintiff filed his complaint in this court challenging the denial of his claims for DIB and SSI. (Doc. 1). Thereafter, the Social Security Administration mandated that Plaintiff obtain a psychological evaluation with IQ testing in conjunction with a subsequent disability claim filed by Plaintiff. (Doc. 9 at 5). On July 28, 2016, Plaintiff was given a WAIS-IV IQ test. (Doc. 9-1 at 2). This testing demonstrated that Plaintiff had a valid full scale IQ of 63. (Doc. 9-1 at 2).

## V. DISCUSSION

Plaintiff asserts four arguments in support of reversal and remand of his case: (1) new and material evidence, namely the results of his IQ test, warrants a remand (doc. 1 at 4-8); (2) the ALJ failed to order a psychological consultative exam in light of Plaintiff's allegation of slow learning, his special education in school, and a consultative medical examiner's diagnosis of a learning disability (*id.* at 8-11); (3) the transcript lacks two items of evidence and is therefore incomplete (*id.* at 11-13); and (4) the ALJ improperly evaluated the opinion of Dr. Samuel D. Williams, a non-examining physician (*id.* at 13-15).

### A. Plaintiff's Subsequent IQ Test Results Merit a Remand

Plaintiff argues that his July 2016 WAIS-IV testing and the results thereof constitute new and non-cumulative evidence warranting a remand of this case pursuant to the sixth sentence of 42 U.S.C. § 405(g), which permits a remand "when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Ingram v. Comm'r Soc. Sec.*, 496 F.3d 1253, 1257 (11th Cir. 2007). To be entitled to remand for consideration of newly discovered evidence, a "claimant must establish that: (1) there is new, non-cumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001); *see also Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998); *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985). The Commissioner argues that the court should deny Plaintiff's request for remand if it determines that he has not met this three-pronged standard. (Doc. 10 at 9). The court will consider each prong below.

#### 1. New and Material Evidence

New and non-cumulative evidence must be evidence that is dissimilar to the evidence found in the administrative record which relates to a period on or before

8

the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b); *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *see also Falge*, 150 F.3d at 1324. Here, Plaintiff's IQ testing is non-cumulative in that it is Plaintiff's only comprehensive psychological evaluation. *See Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987) (holding that the only comprehensive psychological evaluation of the claimant's condition constituted non-cumulative evidence). Put another way, "[n]o similar evidence was introduced in the administrative record." *Cannon*, 858 F.2d at 1546. Although the administrative record includes an opinion from consultative examiner Dr. Will R. Crouch, concluding that Plaintiff possessed a learning disability, the evaluation did not include any specific testing. (R. 256-57). Dr. Crouch's opinion on Plaintiff's mental state appeares to be based solely on Plaintiff's self-reported history and Dr. Crouch's immediate observations. His opinion was not supported by any other evidence within the record. (R. 38, 257). Despite this, as noted, he did conclude that Plaintiff had a learning disability with a history of special education classes. (R. 257).

Additionally, Plaintiff's "mental examination" relates back to a period before the ALJ's decision. (Doc. 9-1 at 1). In *Hodges v. Barnhart*, 276 F.3d 1265, 1268 (11th Cir. 2001), the Eleventh Circuit Court of Appeals stated that "IQ tests create a rebuttable presumption of a fairly constant IQ throughout . . . life." Therefore, absent evidence of a sudden trauma that may cause mental retardation,

Plaintiff's IQ test results create a presumption that Plaintiff's full scale IQ was 63 before the date of the ALJ's decision. Plaintiff's IQ scores are new and non-cumulative evidence. Thus, the court finds Plaintiff's IQ testing evidence meets the first prong of the remand consideration.

### 2.     The Materiality of the New Evidence

Plaintiff's mental examination is material in that a reasonable possibility exists that the new evidence would change the administrative result. *See Falge*, 150 F.3d at 1323; *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). In *Wright v. Heckler*, 734 F.2d 696, 697 (11th Cir. 1984), the Eleventh Circuit held that additional evidence consisting of a psychiatric evaluation indicating that a claimant's IQ was between 65 and 68 was sufficient to warrant a remand. The court determined that if the psychiatric examination was accepted, a disability based upon the claimant's mental impairments might well exist. *Id.* at 697. Similar to the claimant in *Wright*, Plaintiff now presents his IQ test results which demonstrate he has a valid full scale IQ of 63. (Doc. 9-1 at 2). Consideration of this additional evidence along with Dr. Crouch's assessment and Plaintiff's physical impairments could well change the previous administrative result.

Additionally, Plaintiff's test results are relevant and probative to a condition that Plaintiff enumerated at the outset of this process – "slow reading and writing went [sic] to special education classe[s]" (*see* R. 79, 183), further supporting the

materiality of the evidence. *See Caulder v. Bowen*, 791 F.2d 872, 877-78 (11th Cir. 1991) ("The evidence is relevant and probative in that it pertains to a condition that Caulder listed in his applications at the administrative level as a source of his disability"). The new evidence arguably provides objective medical support for Plaintiff's claim that he suffers from a learning disability.[6] (R. 256-67). Accordingly, this court concludes that Plaintiff's IQ results are new "material" evidence.

### 3. The Good Cause Requirement

The final prong requires that the proponent show that there is good cause for failing to present the evidence at the administrative level. This requirement may be satisfied by showing that the evidence in question did not exist at the time of the administrative proceeding. *Cannon*, 858 F.2d at 1546; *Caulder*, 791 F.2d at 878-79 (citing *Cherry*, 760 F.2d at 1192; *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980)).

---

[6] This evidence is also relevant for a determination as to whether Plaintiff meets or equals Listing 12.05C concerning "Intellectual disability." Listing 12.05C provides that a claimant's mental retardation satisfies the criteria in paragraph C of Listing 12.05 when there is: (1) a "valid verbal, performance, or full scale IQ of 60 through 70"; and (2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Hickel v. Comm'r*, 539 F. App'x 980, 983 (11th Cir. 2013); *see* 20 C.F.R. § 404, Subpt. P, App. 1 § 12.05(C); *see also Hodges v. Barnhart*, 276 F.3d 1265, 1269 (11th Cir. 2001) ("[A] claimant meets the criteria for presumptive disability under Listing 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 and evidence of additional mental or physical impairment.").

In this instance, the testing was performed seven months after the Appeals Council denied review and after this case was filed. (R. 1; Doc. 1 at 1, Doc. 9 at 5, 7). Furthermore, Plaintiff could not have obtained a psychological evaluation prior to July 28, 2016, since he did not have health insurance and could not afford such testing. (R. 68; Doc. 9 at 7). Thus, the good cause requirement is satisfied because the evidence did not exist and could not have been reasonably obtained by Plaintiff at the time the ALJ or the Appeals Council reviewed his case.

### B. Plaintiff's Other Claims

Because of the court's determination as to the first issue, the undersigned pretermits further discussion of Plaintiff's other arguments.

### VI. CONCULSION

For the reasons set forth above, the undersigned concludes that the case is due to be reversed and remanded to the Commissioner for further proceedings consistent with this opinion. An appropriate order of remand will be entered.

**DONE**, the 4th day of April, 2017.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge